## FRITO CO. v. GENERAL MILLS, Inc.
### Civ. No. 4393.

United States District Court
N. D. Texas, Dallas Division.
March 19, 1952.

Jack Johannes, G. H. Kelsoe, Jr., both of Dallas, Tex., for plaintiff.

Anthony A. Juettner, Minneapolis, Minn., Wilkinson, Huxley, Byron & Hume, Chicago, Ill., Webster Atwell, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The Court has been rather liberal in admitting testimony for both the plaintiff, and, the defendant in this matter. The plaintiff offered in testimony 42 different trade-marks, and other evidence covering that number, some of which products were cheese products; others, candy, cigars, whiskey, ice cream, etc.

I presume that the ordinary rules of equity which appeal to the Chancellor with reference to unfair competition, might be somewhat helpful here, but, there is where the seller palms off another's goods on the buyer, the seller knows he is fraudulently doing that very thing.

As I read the statute, the trade-mark Commissioner, we will call him, in the Patent Office, is allowed to act within the wording of the statute itself, to the effect that it is likely to cause confusion, not that it does actually cause confusion, but that it is *likely* to cause confusion. Confusion of product, or, origin, or, source of the product.

Now, that same statute, by which the Patent Commissioner is bounden, and within which he acts, is the statute which controls the District Court in seeking to revise, or, to affirm his decision. It allows a proceeding in a United States District Court, where the parties may be found, and if such finding is outside of the District of Columbia, notice shall be given the Commissioner.

I have heard no testimony to the effect that confusion has been caused. There has been no testimony offered here by either side that any purchaser has complained that the goods which the purchaser got were not the goods which the purchaser thought he was getting. The probability is that each of these goods is a good goods, and, a satisfying goods to the customer.

The fact does remain, however, that the defendant in this case has been using this trade-mark on goods for a great many years, long antedating the attempted use of this word by the plaintiff here, and the word is what is copyrighted—not the package or the wrapper. The reputation of the General Mills is a national reputation. Its expenditures for television and radio and newspaper advertising is very large and well established, and, one would be blind, perhaps, and deaf, who did not know, and, who does not know, in America, of the Betty Crocker remedies, and recipes, and, suggestions; even men, I think, are occasionally brought in touch with them.

But, that, of course, is somewhat beside the question here.

The name chosen by the plaintiff is Chee-tos; the name which has been used by the defendant for these many years is, Cheerios. I am unable to say that such use by the plaintiff is not likely to cause confusion as to both origin and use. I am not bounden to find that *it has* caused confusion, and, I think that a decree should go for the defendant in this case.

I will ask you to prepare a decree, gentlemen, to be okayed by the other side, saving such exception as they may desire.